IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

Civil Action No.

OHIO CASUALTY INSURANCE COMPANY,

    **Interpleader Plaintiff,**

v.

CITY OF OMAHA, MIDWEST RENTALS, LLC,
SAPP BROS., INC., and EAGLE SERVICES CORP.

    **Interpleader Defendants.**

## OHIO CASUALTY INSURANCE COMPANY'S COMPLAINT FOR INTERPLEADER

Ohio Casualty Insurance Company (the "Surety" or "Interpleader Plaintiff"), by and through its undersigned counsel, The Hustead Law Firm, pursuant to Rule 22 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1335, states the following in support of its Complaint for Interpleader:

### I.    THE PARTIES

1. Interpleader Plaintiff Ohio Casualty Insurance Company is a New Hampshire Corporation with its principal place of business at 175 Berkeley Street, Boston, MA 02116.

2. Interpleader Defendant City of Omaha (the "City") is a municipality located within the State of Nebraska.

3. Interpleader Defendant Midwest Rentals, LLC ("Midwest") is a Nebraska limited liability company with its principal place of business at 233 S 13th St., Suite 1900, Lincoln, NE 68508.

4. Interpleader Defendant Sapp Bros., Inc. ("Sapp Bros.") is a Nebraska Corporation with its principal place of business at 9915 S 148th St., Omaha, NE 68138.

5. Interpleader Defendant Eagle Services Corp. ("Eagle") is an Indiana Corporation with its principal place of business at 911 Birch Ln., Valparaiso, IN 46383.

6. Upon information and belief, there may be other potential interested parties that have not yet asserted bond claims. If such parties are identified, the Surety will amend this Complaint to list those parties.

## II. JURISDICTION AND VENUE

7. The Surety incorporates by reference all of the allegations contained above as though set forth here.

8. This Court has personal jurisdiction over Interpleader Defendants because the Interpleader Defendants transacted business in Nebraska, including, but not limited to, entering into agreements relating to the performance of hydraulic dredging work in exchange for payment, and providing materials and supplies for a hydraulic dredging project. As such, the Interpleader Defendants purposefully availed themselves of the benefits and privileges of conducting business in Nebraska.

9. This Court has original subject matter jurisdiction over the Surety's claims pursuant to 28 U.S.C. § 1332 (diversity) because the amount of the claims at issue against the Surety's bonds exceeds $75,000 (current Bond claims total at least $540,074.49) and the Surety is a citizen of different states than each of the Interpleader Defendants.

10. As set forth above, the Surety is a citizen of New Hampshire, where the Surety is incorporated, and Massachusetts where the Surety's principal place of business is located.

11. The City is a Nebraska municipality.

12. Upon information and belief and based on a diligent search of public records, Sapp Bros. is a Nebraska corporation that conducted business in the State of Nebraska with its principal place of business located at 9915 S 148th St., Omaha, NE 68138.

13. Upon information and belief and based on a diligent search of public records, Eagle is an Indiana corporation that conducted business in the State of Nebraska, with its principal place of business located at 911 Birch Ln., Valparaiso, IN 46383.

14. As confirmed by Midwest's counsel and based upon a diligent search of public records, Midwest is a single member Nebraska limited liability company that, at all times alleged herein, conducted business in the State of Nebraska with its principal place of business located at 233 S 13th St., Suite 1900, Lincoln, NE 68508.

15. The sole member of Midwest is Justin Hernandez, a Nebraska resident, who has expressed an intent to reside in Nebraska permanently; therefore, Midwest is a citizen of Nebraska.

16. 28 U.S.C. § 1335 provides a separate statutory basis for this Court to exercise original jurisdiction over an interpleader action where the property subject to interpleader has a value of $500 or more and two or more adverse claimants have diverse citizenship.

17. Here, the property subject to interpleader, the funds comprising the penal sum of the Bonds totaling $365,400, has more than two adverse claimants to it with diverse citizenship.

18. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims on the Surety's bond occurred in Nebraska.

### III.  GENERAL ALLEGATIONS

19. On June 24, 2021, the City contracted with Titan Dredge & Fill, LLC ("Titan" or "Principal") to perform hydraulic dredging work at the City's NP Dodge Marina, located at 11001 John J. Pershing Drive, Omaha, Nebraska (the "Project").

20. The contract required that Titan's work be completed on or before September 1, 2022 in exchange for payment of $365,400.

21. Midwest supplied dredging equipment for the Project.

22. The Surety, a subsidiary of Liberty Mutual Insurance Company, issued a payment, performance, and maintenance Bond identified as Bond No. 674007533 on behalf of Titan in the penal sum of $365,400.00 (the "Bond") on July 27, 2021. A true and correct copy of the Bond is attached as **Exhibit 1.**

23. The Bond guaranteed Titan's hydraulic dredging work for the City at the Project.

24. Following Titan's alleged failure to perform the work and pay its obligations to various subcontractors, certain Interpleader Defendants identified in this matter filed claims with the Surety, which claims exceed the Bond's $365,400 penal sum.

25. On September 19, 2022, the City submitted a performance bond claim to the Surety in the amount of $365,400, citing Titan's failure to fulfill its contractual obligations to complete the Project by September 1, 2022.

26. On October 25, 2022, Midwest filed a payment bond claim in the amount of $167,348.49, alleging that Titan failed to pay Midwest for the use of its dredging equipment since November 2021.

27. On December 22, 2022, Midwest amended its payment bond claim to include additional damages of $7,290.00 to reflect costs incurred for the removal of Midwest's equipment from the Project site on November 11, 2022, increasing the amount of Midwest's claim to $174,638.49.

28. On January 5, 2023, the City provided its Notice of Default and Claim to Titan and the Surety, in which the City estimated that less than 50% of the work required by the original agreement had been completed by Titan, and renewed its claim on the Bond in the amount of $365,400.00.

29. Sapp Bros. has notified the City of outstanding amounts owed by Titan Dredge for diesel fuel and tank rentals that Sapp Bros. provided for the Project totaling $2,952.03.

30. Eagle has notified the City of outstanding amounts owed by Titan Dredge for portable restroom rentals provided to Titan Dredge for the Project in the total amount of $101.66.

31. Because the number of Bond claims and the amounts of Bond claims exceed the $365,400.00 penal sum of the Bond, a controversy exists as to how the proceeds are to be paid to the Interpleader Defendants and the extent of each Interpleader Defendant's entitlement to potential Bond proceeds.

## IV.   **INTERPLEADER PROPER TO DISPUTED CLAIMS**

32.   There is thus now an issue in controversy over who is entitled to possess the $365,400.00 (the "Disputed Bond Funds").

33.   The Surety does not know which of the Interpleader Defendants is entitled to the Disputed Bond Funds (or to which portion thereof), and it is possible that entities not yet identified may also make a claim of entitlement to the Disputed Bond Funds.

34.   The Surety has a real and reasonable fear of liability deriving from competing claims against the Disputed Funds, and the Surety is not in the position to determine the Interpleader Defendants' respective entitlement (pro rata or otherwise) to the Disputed Funds without the potential for multiple liability.

35.   Pursuant to Federal Rules of Civil Procedure, Rule 22, the Surety is entitled to join all persons asserting claims against the Disputed Funds in a single proceeding so that the Surety may avoid duplicative litigation and the possibility of multiple or inconsistent liability deriving from conflicting and adverse claims of Interpleader Defendants.

## V.   **PRAYER FOR RELIEF**

**WHEREFORE**, Interpleader Plaintiff Ohio Casualty Insurance Company respectfully requests the following relief:

a.   That it be permitted to deposit $365,400.00 into the Registry of the Court;

b.   That Interpleader Defendants be ordered to assert their claims on the Bond in this action and in no other, and that the Court proceed to determine the entitlement of each of the Interpleader Defendants to the Disputed Bond Funds, if any;

c.   That the above-named Interpleader Defendants be required to interplead and settle between themselves their right to the Disputed Bond Funds; and

d.   Upon payment of the Disputed Bond Funds by Interpleader Plaintiff as ordered by the Court, that Interpleader Plaintiff Ohio Casualty Insurance Company be discharged for any and all further obligations or liability under the Bond and/or relating to the Disputed Bond Funds;

      e.      That Interpleader Plaintiff Ohio Casualty Insurance Company be awarded its reasonable attorneys' fees and costs in filing this interpleader action; and

      f.      Awarding such other relief as the Court may deem just and proper.

Respectfully submitted this 24th day of February, 2023

                                  The Hustead Law Firm
                                  *A Professional Corporation*

                              *The Original Signature is on File at*
                              *The Hustead Law Firm, A Professional Corporation*

                              *s/Patrick Q. Hustead*
                              Patrick Q. Hustead, Esq.
                              Nebraska Registration # 25998
                              The Hustead Law Firm, *A Professional Corporation*
                              4643 S. Ulster Street, Suite 1250
                              Denver, CO 80237
                              (303) 721-5000
                              pqh@thlf.com
                              *Attorneys for Interpleader Plaintiff*