## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| OHIO CASUALTY INSURANCE COMPANY, <br><br> **Plaintiff,** <br><br> vs. <br><br> CITY OF OMAHA; MIDWEST RENTALS, LLC; SAPP BROS., INC.; and EAGLE SERVICES CORP.; <br><br> **Defendants;** <br><br> and <br><br> MIDWEST RENTALS, LLC; <br><br> **Cross-Claimant,** <br><br> vs. <br><br> CITY OF OMAHA, <br><br> **Cross-Defendant.** | **8:23CV70** <br><br> **ORDER TO SHOW CAUSE** |

Plaintiff filed a Complaint for Interpleader against the above-captioned defendants on February 24, 2023. (Filing No. 1). Plaintiff filed executed waivers of service as to two defendants, City of Omaha and Midwest Rentals, LLC, and those defendants have filed answers. (Filing Nos. 10, 13, 14-15). However, to date, Plaintiff has not filed any return of service or signed waiver indicating service on defendant Eagle Services Corp., defendant Eagle Services Corp. has not entered a voluntary appearance, and Plaintiff has not requested an extension of time to complete service of Eagle Services Corp. Federal Rule of Civil Procedure 4(m) provides, "If a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Because more than 90 days has elapsed since the Complaint was filed and Plaintiff has not

demonstrated that Eagle Services Corp. has been served, Plaintiff must show good cause for the failure or else Eagle Services Corp. must be dismissed. See Fed. R. Civ. P. 4(m).

Additionally, on March 16, 2023, Plaintiff filed an affidavit purporting to show defendant Sapp Bros., Inc. was served with notice of this lawsuit on March 14, 2023. (Filing No. 12). To date, defendant Sapp Bros., Inc. has not filed any responsive pleading or otherwise appeared in this case, and Plaintiff has taken no further action as to defendant Sapp Bros., Inc. Plaintiff has a duty to prosecute the case and may, for example, seek default in accordance with the applicable rules, voluntarily dismiss Sapp Bros., Inc. as a defendant, or take other appropriate action. See NECivR 41.2. ("At any time, after appropriate notice, a case not being prosecuted with reasonable diligence may be dismissed for lack of prosecution."). Accordingly,

**IT IS ORDERED** that Plaintiff shall have until **June 16, 2023,** to show cause why defendant Eagle Services Corp. should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m), and to show cause why defendant Sapp Bros., Inc. should not be dismissed for failure to prosecute, or take other appropriate action. The failure to timely comply with this order may result in dismissal of those defendants without further notice.

Dated this 1st day of June, 2023.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge